Luigj MIRASHI, Liza Mirashi, Marjan Mirashi, and Marcela Mirashi, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

Nos. 02–4034 to 02–4037.

United States Court of Appeals, Sixth Circuit.

June 15, 2004.

Richard A. Kulics, Birmingham, MI, for Petitioner.

M. Jocelyn Wright, David V. Bernal, U.S. Department Of Justice, Washington, DC, for Respondent.

Before: SILER, MOORE, and BALDOCK,* Circuit Judges.

### ORDER

■ Luigj Mirashi, Liza Mirashi, Marjan Mirashi, and Marcela Mirashi, citizens of Albania, petition through counsel for judicial review of the orders by the Board of Immigration Appeals ("BIA") affirming the immigration judge's order denying their applications for asylum and withholding of removal. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 4, 2000, the Mirashis arrived in Texas. They were not admitted or paroled into the United States. The Immigration and Naturalization Service ("INS") commenced removal proceedings on that basis.

On June 15, 2001, the immigration judge ("IJ") conducted a removal hearing. The Mirashis conceded removability but sought asylum and withholding of removal. Luigj testified about his belief of past and future persecution should he return to Albania. Liza and Marjan also testified. The IJ did not find the testimony or the evidence presented to be credible and denied the applications. The BIA affirmed the IJ's decision without opinion.

The BIA's determination must be upheld if it is supported by reasonable, substantial, and probative evidence. *Mikhailevitch v. INS,* 146 F.3d 384, 388 (6th Cir.1998). It is reversible only if the petitioner presents evidence "so compelling that no reasonable factfinder could fail to find the requisite persecution or fear of persecution." *Ouda v. INS,* 324 F.3d 445, 451 (6th Cir.2003). When the BIA affirms the IJ's decision without opinion, we review the IJ's decision directly. *Denko v. INS,* 351 F.3d 717, 723 (6th Cir.2003).

To obtain asylum, the Mirashis must show that they are refugees who have suffered past persecution or who have a well-founded fear of future persecution. *Mikhailevitch,* 146 F.3d at 389. If they demonstrate that they have suffered actual past persecution, then a well-founded fear of future persecution can be presumed. The INS may rebut that presumption by showing, through a preponderance of evidence, that "There has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality." 8 C.F.R. § 208.13(b)(1)(i)(A).

■ The Mirashis first charge that the BIA's failure to conduct a meaningful review and to explain the reasons for its

---

* The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

decisions denied them constitutional due process. This court has held that the BIA need not issue a reasoned explanation to comply with constitutional due process. *Denko,* 351 F.3d at 730.

The Mirashis next argue that an incompetent and unqualified interpreter denied them a fair hearing and constitutional due process. This claim was not raised on appeal to the BIA. Thus, they have waived this claim, and this court need not review the merits.

The Mirashis also contend that the IJ disregarded evidence supporting their claims of past persecution, failed to conduct an individual analysis of their well-founded fear of persecution, improperly used corroborative material to determine credibility, misinterpreted testimony, ignored contradictions in country information, and demeaned witnesses.

The Mirashis failed to present evidence that would compel reversal of the IJ's decision, however. We note that Luigj testified that he was detained and allegedly beaten by the police only once, and that his testimony about the severity of his injuries conflicted with his wife's testimony as well as with a medical report. In addition, Luigj's testimony about an altercation with the police conflicted with his son's testimony. Moreover, the State Department's report on Albania indicated that there had been no confirmed cases of political killings by the government in the past year.

Because the Mirashis cannot establish eligibility for asylum, they cannot satisfy the more stringent burden required to establish eligibility for withholding of removal. *See Mikhailevitch,* 146 F.3d at 391.

Accordingly, this court denies the petitions for review.